**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of **DELAWARE**
(State)

Case number (*If known*): **16-**_____    Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  VERENGO, INC.

2. **All other names debtor used in the last 8 years**  VERENGO SOLAR, VERENGO SOLAR PLUS

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  2 6 – 1 9 9 6 1 1 4

4. **Debtor's address**

   **Principal place of business**

   20285    S. WESTERN AVE, SUITE 200
   Number    Street

   _____

   TORRANCE        CA      90501
   City            State   ZIP Code

   LOS ANGELES
   County

   **Mailing address, if different from principal place of business**

   N.A.
   Number    Street

   _____
   P.O. Box

   _____
   City            State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   N.A.
   Number    Street

   _____

   _____
   City            State   ZIP Code

5. **Debtor's website** (URL)  WWW.VERENGOSOLAR.COM

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  **VERENGO, INC.**_____   Case number *(if known)* **16-**_____
       Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

    ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ❏ Railroad (as defined in 11 U.S.C. § 101(44))
    ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above

B. *Check all that apply:*

    ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
    ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    7 6 9 9 - 3 2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❏ Chapter 7
❏ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❏ A plan is being filed with this petition.

    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
❏ Yes.  District _____  When _____ Case number _____
                                        MM / DD / YYYY
        District _____  When _____ Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
❏ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                                   MM / DD / YYYY
        Case number, if known _____

Debtor  **VERENGO, INC.**_____   Case number (*if known*) **16-**_____
       <sub>Name</sub>

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number    Street<br>_____<br>_____ _____ _____<br>City                  State   ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49    ☐ 1,000-5,000    ☐ 25,001-50,000<br>☐ 50-99    ☐ 5,001-10,000    ☐ 50,001-100,000<br>☐ 100-199    ☐ 10,001-25,000    ☐ More than 100,000<br>☒ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000    ☒ $10,000,001-$50 million    ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion |

Debtor  **VERENGO, INC.**
Name

Case number (*if known*) **16-**

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **09 / 23 / 2016**
            MM / DD / YYYY

X _/s/ Dan Squiller_
Signature of authorized representative of debtor

**DAN SQUILLER**
Printed name

Title  **CEO**

**18. Signature of attorney**

X _/s/ Scott D. Cousins_
Signature of attorney for debtor

Date  **09 / 23 / 2016**
      MM / DD / YYYY

**SCOTT D. COUSINS**
Printed name

**BAYARD, P.A.**
Firm name

**222   DELAWARE AVENUE, SUITE 900**
Number   Street

**WILMINGTON**           **DE**    **19801**
City                     State   ZIP Code

**302-655-5000**                **SCOUSINS@BAYARDLAW.COM**
Contact phone                   Email address

**BAR NO. 3079**                **DELAWARE**
Bar number                      State

---

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page 4

**UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS
OF
VERENGO, INC.**

*September 22, 2016*

The undersigned, being all of the directors of Verengo, Inc., a Delaware corporation (the "**Corporation**"), acting pursuant to Section 141 of the General Corporation Law of the State of Delaware and the Bylaws of the Corporation hereby waive any notice required to be given in connection herewith and adopt the following resolutions by joint unanimous written consent (this "**Consent**") effective as of the date first set forth above, which shall have the same force and effect as if adopted at duly convened meetings of the boards of directors (collectively, the "**Board**") of the Corporation.

WHEREAS, the Board has considered (i) the difficulties the Corporation and the has experienced in recent years in obtaining the debt and equity financing required to sustain operations, notwithstanding comprehensive and broad-based efforts to obtain such financing, (ii) the financial and operational aspects of the Corporation's business, (iii) the future prospects and financial performance and condition of the Corporation, (iv) current industry, economic and market conditions and trends in the markets in which the Corporation competes, and (v) the current status of the Corporation in light of recent events; and

WHEREAS, the Board has received, reviewed and considered the recommendation of senior management of the Corporation and the advice of the Corporation's advisors with respect to the options available to the Corporation, including the possibility of pursuing a bankruptcy proceeding under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

NOW, THEREFORE, BE IT RESOLVED, that after consideration of the alternatives presented to it and the recommendations of senior management of the Corporation and the advice of the Corporation's professionals and advisors the Board has determined in its business judgment that it is desirable and in the best interests of the Corporation and its creditors, employees, stockholders and other interested parties that a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Corporation seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is

RESOLVED FURTHER, that any one or more of the Corporation's duly elected and presently incumbent Chief Executive Officer, and Secretary (the "**Proper Officers**"), be, and they hereby are, authorized, empowered, and directed, on behalf of the Corporation and in each of their names (a) to execute, verify and file all documents necessary or appropriate in connection with the filing of the chapter 11 bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or

documents in connection with the chapter 11 bankruptcy petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Corporation's Chapter 11 case (the **"Bankruptcy Case"**); (c) appear as necessary at all bankruptcy proceedings on behalf of the Corporation; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions as adopted herein; and it is

RESOLVED FURTHER, that, subject to approval by the Board, the Proper Officers of the Corporation are authorized and empowered: (a) to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Corporation, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents; (b) to pledge and grant liens on the assets of the Corporation as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith and subject to approval by the Board, the officers of the Corporation are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents, whether consented to or contested by the Corporation's existing lenders; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to make decisions with respect to all aspects of the management and operation of the Corporation's business including, without limitation, organization, human resources, marketing, asset sales, logistics, finance, administration, oversight, of the prosecution of the Corporation's Bankruptcy Case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement of Financial Affairs, Schedule of Assets and Liabilities, a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as he may identify, in such manner as he deems necessary or appropriate in his sole and reasonable discretion consistent with the business judgment rule, subject to appropriate approval and governance by the Board, in accordance with the Corporation's articles of incorporation and bylaws, applicable laws and the orders of the bankruptcy court; and it is

RESOLVED FURTHER, that the previous retention by the Corporation's management of the law firm of Bayard, P.A. (**"Bayard"**) as bankruptcy counsel to the Corporation to represent and assist the Corporation in connection with its consideration of various insolvency-related obligations and bankruptcy alternatives, and to assist the Corporation in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, is hereby approved and ratified, and the Proper Officers are hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Bayard; and it is

RESOLVED FURTHER, that the previous retention by the Corporation's management of the financial advisors, Sherwood Partners, Inc. to assist the Corporation in connection with its consideration of various insolvency-related obligations and

bankruptcy alternatives, and to assist the Corporation in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, is hereby approved and ratified, and the Proper Officers are hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Sherwood Partners, Inc; and it is

RESOLVED FURTHER, that the Proper Officers be, and hereby are, authorized and directed to employ UpShot Services LLC as claims and noticing agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of UpShot Services LLC; and it is

RESOLVED FURTHER, that the Proper Officers be, and hereby are, authorized and directed to employ SSG Advisors Inc, an investment banker, to assist the Corporation in connection with the sale of all or substantially all of the Company's assets either through one or multiple sales and/or the restructuring of the Corporation's balance sheet with existing stakeholders, the Proper Officers are hereby authorized an d directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of SSG Advisors Inc.; and it is

RESOLVED FURTHER, that the Proper Officers are authorized and empowered to employ on behalf of the Corporation any other professionals necessary to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Corporation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers consistent with an appropriate budget prior to or immediately upon the filing of the Bankruptcy Case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the Proper Officers of the Corporation; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Corporation and the creditors of the Corporation which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Corporation or substantially all of the assets of the Corporation; and it is

RESOLVED FURTHER, that, subject to the foregoing resolutions and requisite approval of the Board, the Proper Officers are authorized and empowered to take on behalf of the Corporation any and all actions, to execute, deliver, certify, file or record

and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Proper Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to consummate a chapter 11 proceeding including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof; and it is

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officers or the Board in the name and on behalf of the Corporation in furtherance of the purpose and intent of any or all of the foregoing resolutions are hereby ratified, confirmed, and approved in all respects.

*General Authority and Ratification*

RESOLVED FURTHER, that the Proper Officers be, and they hereby are, authorized and directed, for, in the name and on behalf of the Corporation, to take such steps, to perform all such acts and things, and to prepare, execute, swear to, acknowledge, certify, deliver, and file and record with appropriate governmental authorities or other persons any and all agreements, documents, applications, reports, notices, waivers, consents, certificates, or instruments which are contemplated by this Consent or which may be required by law, or appear to any Proper Officer or legal counsel to the Corporation, to be necessary, convenient, or appropriate to effectuate and consummate the transactions contemplated by the foregoing resolutions, to perform any obligations thereunder in accordance therewith, and to otherwise effectuate the purposes and intents of the foregoing resolutions, such necessity, convenience, or appropriateness to be conclusively evidenced by the taking or performance of any of the foregoing steps, acts and things, executions, filings, and/or recordings;

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by any Proper Officer in his capacity as such in connection with the matters contemplated in the foregoing resolutions be, and it hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation;

RESOLVED FURTHER, that this Consent shall be filed with the Secretary of the Corporation and included with the minutes of the proceedings of the Board; and

*Counterparts*

RESOLVED FURTHER, that this Consent may be executed and delivered (including by facsimile or Portable Document Format (pdf) transmission) in any number of counterparts with the same effect as if all parties hereto had signed the same document and facsimile and other electronic copies of manually-signed originals shall have the same effect as manually-signed originals.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

**BOARD:**

_____
Dan Squiller

/s/_____
James Goldinger

/s/_____
Jeff Armstrong

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

**BOARD:**

_____
Dan Squiller

/s/ _____
James Goldinger

/s/ _____
Jeff Armstrong

    IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

**BOARD:**

_____
Dan Squiller

/s/ _____
James Goldinger

/s/ _____
Jeff Armstrong

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VERENGO, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 16-_____ (    ) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following is a corporation, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's outstanding equity interests.

| SHAREHOLDER | CLASS | APPROXIMATE PERCENTAGE OF SHARES HELD |
|---|---|---|
| Soffer Family Living Trust | Common | 13.8% |
| Search Fund Partners 4, LP | Common | 14.4% |
| Soffer Family Living Trust | Series A | 13.8% |
| Search Fund Partners 4, LP | Series A | 14.4% |
| Bishop ROTH IRA | Series B | 12.5% |

---

[1] The Debtor and the last four digits of their identification number are as follows: Verengo, Inc. [6114]. The address of the Debtor's corporate headquarters is 20285 S. Western Avenue, Suite 200, Torrance, CA 90501.

{BAY:02944092v4}

| | | |
|---|---|---|
| The Arnold Fishman Revocable Trust | Series B | 14.5% |
| Search Fund Partners 4, LP | Series B | 18.1% |
| William J. Nasgovitz | Series B | 11.1% |
| Bishop Living Trust | Series B-1 | 13.7% |
| The Arnold Fishman Revocable Trust | Series B-1 | 20.3% |
| Richard Strock Profit Sharing Plan | Series B-2 Warrant | 100.0% |
| MLPF&S Cust FOB Kendall R. Bishop | Series B-3 | 20.6% |
| The Arnold Fishman Revocable Trust | Series B-3 | 21.1% |
| Kwiker Trust | Series B-3 | 12.3% |
| Rognlien Family Trust | Series B-3 | 18.8% |
| The Arnold Fishman Revocable Trust | Series B-4 | 14.7% |
| Search Fund Partners 4, LP | Series B-4 | 18.0% |

| Rollingwood Partners Fund I, LLC | Series B-4 | 13.1% |
|---|---|---|
| Angeleno Investors III, L.P. | Series C | 100.0% |
| ClearSky Power & Technology Fund I LLC | Series D | 66.7% |
| Angeleno Investors III, L.P. | Series D | 14.1% |
| Mendocino Capital, LLC | Series D | 11.8% |
| ClearSky Power & Technology Fund I LLC | Series D Warrant | 100.0% |
| ClearSky Power & Technology Fund I LLC | Series D2 | 60.3% |
| Angeleno Investors III, L.P. | Series D2 | 36.5% |
| KPCB Green Growth Fund | Series K | 100.0% |
| Angeleno Investors III, L.P. | Common Warrants | 50% |
| ClearSky Power & Technology Fund I LLC | Common Warrants | 50% |

## **DECLARATION UNDER PENALTY OF PERJURY**

I, Dan Squiller, the Chief Executive Officer of Verengo, Inc., declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Executed this 23rd day of September, 2016.

                                        Signature: */s/ Dan Squiller*
                                                        Dan Squiller
                                                        Chief Executive Officer

**Fill in this information to identify the case:**

Debtor name __VERENGO, INC__

United States Bankruptcy Court for the: _____ District of __DELAWARE__
(State)

Case number (If known): __16-_____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SUNRUN<br>595 MARKET STREET<br>29TH FLOOR<br>SAN FRANCISCO, CA 94105 | | TRADE DEBT | CONTINGENT AND DISPUTED | | | $3,700,000 |
| 2 | NRG RESIDENTIAL SOLAR SOLUTIONS<br>2333 NEW JERSEY 34<br>WALL, NJ 08736 | | TRADE DEBT | | | | $3,141,139 |
| 3 | GEXPRO<br>400 TECHNOLOGY COURT SOUTHEAST<br>SUITE R<br>SMYRNA, GA 30082 | | TRADE DEBT | | | | $1,358,709 |
| 4 | HANWHA Q CELLS AMERICA, INC.<br>300 SPECTRUM CENTER DRIVE<br>SUITE 1250<br>IRVINE, CA 92618 | | TRADE DEBT | | | | $1,194,086 |
| 5 | SALESFORCE.COM, INC.<br>THE LANDMARK AT ONE MARKET STREET<br>SUITE 300<br>SAN FRANCISCO, CA 94105 | | LICENSE | DISPUTED | | | $1,089,660 |
| 6 | HYUNDAI CORPORATION<br>21250 HAWTHORNE BOULEVARD<br>#775<br>TORRANCE, CA 90503 | | TRADE DEBT | | | | $1,072,250 |
| 7 | HANWHA Q CELLS USA CORPORATION<br>300 SPECTRUM CENTER DRIVE<br>SUITE 1250<br>IRVINE, CA 92618 | | TRADE DEBT | | | | $816,969 |
| 8 | EMPLOYMENT DEVELOPMENT DEPARTMENT<br>4300 LONG BEACH BOULEVARD<br>#600<br>LONG BEACH, CA 90807 | | TAX | CONTINGENT, UNLIQUIDATED AND DISPUTED | | | $602,861 |

Debtor  VERENGO, INC.
        Name

Case number (*if known*) 16-

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | CPF CAPITAL & TRADING LLC (SPRUCE FINANCE) 201 MISSION STREET 11TH FLOOR SAN FRANCISCO, CA 94105 | | TRADE DEBT | UNLIQUIDATED | | | $564,089 |
| 10 | TRINA SOLAR, INC. 100 CENTURY CENTER COURT SUITE #340 SAN JOSE, CA 95112 | | TRADE DEBT | | | | $471,724 |
| 11 | SUNRUN 595 MARKET STREET 29TH FLOOR SAN FRANCISCO, CA 94105 | | TRADE DEBT | DISPUTED | | | $469,216 |
| 12 | CENTURY LINK P.O. BOX 52187 PHOENIX, AZ 85072-2187 | | TRADE DEBT | DISPUTED | | | $437,744 |
| 13 | UNIRAC, INC. 1411 BROADWAY BOULEVARD NORTHEAST ALBUQUERQUE, NM 87102 | | TRADE DEBT | | | | $278,502 |
| 14 | MANATT, PHELPS & PHILLIPS, LLP 11355 WEST OLYMPIC BOULEVARD LOS ANGELES, CA 90064-1614 | | LEGAL | | | | $249,360 |
| 15 | ZAGALABS, LLC 19303 WATER MAPLE DRIVE TAMPA, FL 33647 | | TRADE DEBT | | | | $245,510 |
| 16 | REALLYGRATERATE, INC. 2041 ROSECRANS #320 EL SEGUNDO, CA 90245 | | TRADE DEBT | | | | $185,963 |
| 17 | YINGLI GREEN ENERGY AMERICAS, INC. 489 FIFTH AVENUE 9TH FLOOR NEW YORK, NY 10017 | | TRADE DEBT | | | | $184,693 |
| 18 | HARBOR WHOLESALE ELECTRIC SUPPLY, INC. 3203 SOUTH HARBOR BOULEVARD SANTA ANA, CA 92704 | | TRADE DEBT | | | | $165,937 |
| 19 | MYERS ELECTRIC COMPANY 425 WEST LA CADENA UNIT #21 RIVERSIDE, CA 92501 | | TRADE DEBT | | | | $160,844 |
| 20 | DEMAND SOLUTIONS GROUP DEPARTMENT 34281 PO BOX 39000 SAN FRANCISCO, CA 94139 | | TRADE DEBT | | | | $160,817 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

Debtor  VERENGO, INC.  
Name

Case number (*if known*) 16-

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | THE MINACS GROUP USA, INC.<br>34115 W12 MILE ROAD<br>FARMINGTON HILLS, MI 48331 | | TRADE DEBT | | | | $98,604 |
| 22 | IPROSPECT.COM, INC.<br>ONE SOUTH STATION<br>SUITE 300<br>BOSTON, MA 02110 | | TRADE DEBT | | | | $80,807 |
| 23 | LOCUS ENERGY, LLC<br>PO BOX 419298<br>BOSTON, MA 02241-9298 | | TRADE DEBT | | | | $68,440 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>VERENGO, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 16-_____ (   ) |

## DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS HOLDING THE TWENTY-THREE LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Dan Squiller, the Chief Executive Officer of Verengo, Inc., declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding the Twenty-three Largest Unsecured Claims Against the Debtors and that it is true and correct to the best of my information and belief.

Executed this 23rd day of September, 2016.

                                          Signature: */s/ Dan Squiller*
                                                       Dan Squiller
                                                       Chief Executive Officer

---

[1] The Debtor and the last four digits of their identification number are as follows: Verengo, Inc. [6114]. The address of the Debtor's corporate headquarters is 20285 S. Western Avenue, Suite 200, Torrance, CA 90501.