**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>VERENGO, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 16-12098 (BLS)<br><br>**Related D.I.:** _____ |

ORDER GRANTING THE FIRST OMNIBUS MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (II) AUTHORIZING RELATED *NUNC PRO TUNC* RELIEF

Upon the motion (the "**Motion**")[2], filed by the above-captioned debtor and debtor-in-possession (collectively, the "**Debtor**") pursuant to section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order: (a) authorizing the Debtor to reject certain unexpired leases end executory contracts as identified on **Exhibit A** attached hereto, (b) authorizing the related *nunc pro tunc* relief as identified on **Exhibit A**, and (c) providing any additional relief required in order to effectuate the foregoing; and upon the Declaration of Dan Squiller in Support of Chapter 11 Petition and First Day Motions (the "**Squiller Declaration**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the

---

[1] The Debtor and the last four digits of their identification number are as follows: Verengo, Inc. [6114]. The address of the Debtor's corporate headquarters is 1899 Western Way, Suite 340, Torrance, CA 90501.

[2] Capitalized terms not defined herein have meanings ascribed to them in the Motion.

{BAY:02953338v6}

relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  For the reasons set forth on the record, the Motion is **GRANTED**.

2.  The Leases and Executory Contracts identified on **Exhibit A** attached to this Order are hereby rejected, effective *nunc pro tunc* to the specified date listed for each on **Exhibit A**.

3.  Proofs of all Claim arising out of the rejection of an executory contract or an unexpired lease shall be filed within thirty (30) days after service of notice of entry of the Rejection order on the claimants affected. Such Proofs of Claim must be filed by sending them to the following address: Verengo Claims Processing, c/o Upshot Services LLC, 8269 East 23rd Avenue, Suite 275, Denver, CO 80238.

4.  Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

5.  Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.  This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

- 3 -

Dated: _____ \_\_\_, 2016
       Wilmington, Delaware

                                      _____
                                      HONORABLE BRENDAN L. SHANNON
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Proposed Order

## Leases and Executory Contracts to be Rejected

| Lease Counterparty | Description of Lease or Executory Contract | *Nunc Pro Tunc* Date |
|---|---|---|
| All Copy Products, Inc. | Page Management Agreement dated May 22, 2013. | 10/14/2016 |
| Canon Financial Services, Inc. | Lease agreement number 610037-1 dated December 12, 2012. | None – effective upon entry of Order |
| Concur Technologies, Inc. | Business Services Agreement dated June 28, 2013. | None – effective upon entry of Order |
| Ervin Leasing Company | Lease agreement number 998504 dated June 9, 2011. | Petition Date |
| Macquarie Equipment Finance, Inc. | Equipment lease numbers 1001795, 1001796, and 1001746. | 10/14/2016 |
| Maritz Holdings, Inc. | 20285 S. Western Avenue, Suite 200, Torrance, CA 90501; Lease Date: August 31, 2011, as amended on October 11, 2012 and April 29, 2014 | 9/25/2016 |
| Principle Equity Properties, L.P. | 4811 East Thistle Landing Drive, Suite 100C, Phoenix, AZ | Petition Date |

{BAY:02953338v6}