**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VERENGO, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 16-12098 (BLS)<br><br>**Hearing Date: 5/4/2017 at 11:00 AM EST**<br>**Obj. Deadline: 4/14/2017 at 4:00 PM EST** |

**FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
9014, AND DEL. L.R. 3007-1 (REDUCED CLAIMS)**

**\*\*\*SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND
BY ANY FURTHER OBJECTION THAT MAY BE FILED.  CLAIMANTS
RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS IN THE EXHIBIT TO THE OBJECTION\*\*\***

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by its undersigned counsel, pursuant to section 502 of title 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), hereby submits this omnibus objection (the "**Objection**") seeking entry of an order, substantially in the form attached as **Exhibit 1** (the "**Proposed Order**"), reducing and allowing the claims as modified listed on **Exhibit A** (the "**Reduced Claims**") to the Proposed Order and the Objection.  In support of this Objection, the Debtor relies on the declaration of Dan Squiller (the "**Squiller Declaration**") filed contemporaneously herewith, and respectfully states as follows:

---

[1] The Debtor and the last four digits of their identification number are as follows: Verengo, Inc. [6114]. The address of the Debtor's corporate headquarters is 1899 Western Way, Suite 340, Torrance, CA 90501.

## I.    JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by this Bankruptcy Court.

2. The statutory bases for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## II.    BACKGROUND

3. On September 23, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4. On September 26, 2016, the Court entered an order authorizing appointment of JND Corporate Restructuring f/k/a Upshot Services, LLC ("**JND**") as claims and noticing agent to the Debtor [D.I. 29].

5. On October 24, 2016, the Debtor filed its Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 99].

6. On January 18, 2017, the Debtor filed the *Motion of the Debtor to Establish Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 163] (the "**Bar Date Motion**").

7. On February 22, 2017, the Court entered an order [D.I. 194] approving the Bar Date Motion, thereby establishing March 22, 2017 at 5:00 PM EST as the deadline (the "**Bar Date**") for filing claims that arose prior to the Petition Date, including secured claims, unsecured priority claims, unsecured nonpriority claims, claims against the

Debtor arising under section 503(b)(9) of the Bankruptcy Code, and the deadline for governmental units to file proofs of claim.  Contemporaneously, the Debtor filed the *Notice of Entry of Order Establishing Bar Dates for Filing Proofs of Claim* [D.I. 195] (the "**Bar Date Notice**").

8. On or before February 27, 2017, JND caused the Bar Date Notice to be served on all of the Debtor's creditors and vendors [D.I. 201].  Also on February 27, 2017, the Debtor provided notice of the Bar Date by way of publishing the same in the *New York Times* [D.I. 198].

9. On March 29, 2017, the Debtor filed the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization for Verengo, Inc. Proposed by the Debtor and Debtor in Possession* [D.I. 236] (the "**Combined Disclosure Statement and Plan**").

6. Also on March 29, 2017, the Court entered an interim order [D.I. 239] (the "**Solicitation Order**") approving the Combined Disclosure Statement and Plan as containing adequate information for solicitation purposes.  Pursuant to the Solicitation Order, the deadline for the filing claim objections for voting purposes was established as March 31, 2017 (the "**Claims Objection Deadline**").

### III.    RELIEF REQUESTED AND BASES THEREFORE

10. Chapter 11 debtors shall "perform the duties of a trustee, as specified in paragraph[ ] (5) . . . of section 704(a)."  11 U.S.C. § 1106(a)(1); accord 11 U.S.C. § 1107(a). Bankruptcy Code Section 704(a)(5) provides that a debtor in possession shall, "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper."  11 U.S.C. § 704(a)(5).  Bankruptcy Code section 502(a)

provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

11.  A properly filed claim is *prima facie* valid and deemed allowed unless a party in interest objects, at which point the court must determine the amount of the claim to be allowed. In re Nortel Networks, Inc., 469 B.R. 478, 498 n.12 (Bankr. D. Del. 2012). The burden of proof related to claims and claims' objections "shifts between the proponent of, and objector to, a claim." In re Smurfit–Stone Container Corp., 444 B.R. 111, 117 (Bankr. D. Del. 2011) (citing In re Allegheny Int'l Inc., 954 F.2d 167, 173 (3d Cir. 1992)). Once a party in interest objects to a claim, the objector must "produce sufficient evidence [to] discredit at least one of the allegations essential to the claim's legal sufficiency." Nortel, 469 B.R. at 498 n.12 (citing Smurfit, 444 B.R. at 117). Should the objector succeed in producing such evidence, "the burden to demonstrate an entitlement to payment on its claim shifts back to the claimant." Id. The burden of persuasion is always on the claimant. Allegheny, 954 F.2d at 173–4.

12.  For the reasons set forth below, the Debtor objects to each of the Reduced Claims listed on Exhibit A attached to the Proposed Order and incorporated herein by reference. The Debtor respectfully requests that the Court enter the Proposed Order pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, reducing and allowing the Reduced Claims as modified listed on Exhibit A.

13.  Under the Local Rules, an objection "based on substantive grounds, other than incorrect classification of a claim, shall include all substantive objections to such claim." Del. L.R. 3007-1(f)(iii).

{BAY:03041879v1}

4

**Reduced Claims**

14. The Debtor objects to each of the claims identified on attached **Exhibit A** (the "**Reduced Claims**") and respectfully requests that the Reduced Claims be reduced and allowed in accordance with Exhibit A. The Debtor has reviewed the Claims Registry, each of the Reduced Claims and the books and records. Based on this review, the Debtor has determined that the Reduced Claims were asserted in excess of the amounts actually owing to such claimants asserting the Reduced Claims.

15. The asserted claim amount for each of the Reduced Claims is listed on Exhibit A in the column labeled "Asserted Claim Amount." The proper claim amount for each of the Reduced Claims is listed in the column labeled "Modified Claim Amount." Accordingly, the Reduced Claims should be reduced and allowed in the amounts listed in the column labeled "Modified Claim Amount" in accordance with Exhibit A.

### IV. SEPARATE AND CONTESTED MATTERS

16. Each of the Reduced Claims and the Objection with respect thereto constitutes a separate contested matter as contemplated by Bankruptcy Rules 3007(f) and 9014. The Debtor requests that any order entered by this Court with respect to a request for a claim reduction herein shall be deemed a separate order with respect to each Reduced Claim.

### V. STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

17. The Debtor has reviewed Local Rule 3007-1 and hereby states that, to the best of its knowledge and belief, this Objection is in compliance therewith. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtor submits that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order attached hereto as **<u>Exhibit 1</u>** reducing and allowing the Reduced Claims as modified listed on Exhibit A, and granting such other and further relief as is just and proper.

Dated: March 31, 2017  
       Wilmington, Delaware

BAYARD, P.A.

*/s/ Evan T. Miller*
Scott D. Cousins (No. 3079)
Evan T. Miller (No. 5364)
Gregory J. Flasser (No. 6154)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Phone: (302) 655-5000
Facsimile: (302) 658-6395
Email: scousins@bayardlaw.com
       emiller@bayardlaw.com
       gflasser@bayardlaw.com

*Attorneys for Debtor*
*and Debtor-in-Possession*