IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VERENGO, INC., ) | Case No. 16-12098 (BLS) |
| ) | |
| Debtors. ) | Re: Docket No. 244 |

## RESPONSE OF GOOGLE INC. TO SECOND OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014, AND DEL. L.R. 3007-1 (SHAREHOLDER CLAIMS/DUPLICATE OR AMENDED CLAIMS/INSUFFICIENT DOCUMENTATION CLAIMS/LATE FILED CLAIMS)

Google Inc. ("**Google**"), by and through its counsel, White and Williams LLP, for its Response to the Second Omnibus Objection to Claims (Non-Substantive) Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and 9014, and Del. L.R.3007-1 (Shareholder Claims/Duplicate or Amended Claims/Insufficient Documentation Claims/Late Filed Claims) (the "**Objection**") of the above captioned debtor and debtor-in-possession ("**Debtor**"), states the following:

### BACKGROUND

1. On September 23, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On October 24, 2016, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs ("**Schedules**").

3. The Schedules state that Google has an unsecured claim against the Debtor for $11,835.91 ("**Undisputed Claim**"), which is not described as disputed, contingent, or unliquidated.

4. On February 22, 2017, the Court entered its Order Establishing Deadlines for Filing Proofs of Claim and Proofs of Interest and Approving the Form and Manner of Notice Thereof ("**Order**"), which required all proofs of claims to be filed on or before March 22, 2017 at 5:00 p.m. (Eastern Time) (the "**Bar Date**").

5. Google filed a proof of claim in the amount of $15,887.07 (the "**POC**").

6. On March 31, 2017, the Debtor filed the Objection stating that Google's POC was filed late because it was filed on March 29, 2017, which was 7 days after the Bar Date.

7. The Debtor, through its Objection, is seeking to disallow and expunge certain proofs of claims, including Google's POC.

## ARGUMENT

8. The Order provides that Google did not have to file a proof of claim to the extent it was not disputed, contingent, or unliquidated. The Order specifically states:

> The following categories of claimants, as applicable, shall not be required to file a Proof of claim by the Bar Date:
> …
> iii. Any person or entity whose claim is listed on the Schedules and (a) whose claim is not described thereon as disputed, contingent, or unliquidated; (b) who does not dispute the amount or priority of the claim set forth in the schedules, and (c) who does not dispute that the claim is an obligation of the Debtor;

Order, ¶5(iii).

9. The Debtor's Schedules provide that Google has an unsecured claim in the amount of $11,835.91 that is not disputed, contingent, or unliquidated and thus, Google did not have to file a claim to the extent the POC consisted of the Undisputed Claim.

10. Google's POC consists of the Undisputed Claim as well as an additional amount of $4,051.16 (the "**Disputed Claim**").

11. To the extent Google's POC was filed after the Bar Date, it is excusable given the limited notice provided. The Order was entered only thirty (30) days before the Bar Date and thus, notice of the Bar Date was received by Google with less than thirty (30) days to file its POC.

12. The Debtor asserts that Google's POC was filed a mere seven (7) days after the Bar Date, so there is little prejudice to the Debtor from this slight delay in receiving Google's POC.

13. Moreover, the portion of the POC, consisting of the Undisputed Claim, should not be disallowed, even if the Court finds the POC was not timely filed, because it is identified on the Debtor's Schedules and is not described as disputed, contingent, or unliquidated.

14. As addressed above, any delay in receiving Google's POC is excusable; however, if the Court finds the POC was not timely filed, only that portion of the POC that consists of the Disputed Claim should be disallowed.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests the following relief from the Court:

(a) that the Objection be denied, with prejudice;

(b) that any and all claims of Google be allowed in full;

(b) that Google be awarded its attorneys' fees incurred herein, as well as the costs of suit and litigation expenses; and

(c) that Google have such other and further relief that this Court may deem just and proper.

Dated: April 14, 2017                                    WHITE AND WILLIAMS LLP

                                            BY:   /s/ Marc S. Casarino
                                                  Marc S. Casarino (#3613)
                                                  600 N. King Street
                                                  Suite 800
                                                  Wilmington, DE 19801
                                                  Phone: 302.467-4520
                                                  casarinom@whiteandwilliams.com

                                                  *Attorneys for Defendant, Google Inc.*